King, J.,

specially concurring:

I concur in affirming the judgment of the District Court, but place my concurrence on the ground that the -contract sued on is- void because against public policy and in undue restraint of trade.
There is no doubt that the suit is predicated on the- contract, and that only, and demands damages for alleged; violation of its conditions, whether that violation consists of acts amounting to- an infringement of a patent or in the manufacure, use and- sale of, or being interested in, articles- (possibly not-patented or patentable), the manufacture, use and sale of which is inhibited by the agreement, under the pretense that they are covered by letters patent.
By the express terms of the contract, defendants, covenanted and agreed that the letters patent named therein, as well as all o-ther patents in which plaintiff had or might have an interest, covering the manufacture, use or sale of any fluid, *535 semi-fluid, powder or compound for automatically healing or closing punctures in pneumatic tires and articles are good and valid patents, and that defendants would not thereafter, directly or indirectly, question the validity thereof, or the exclusive right of plaintiff to manufacture, use and sell any and all liquids, semi-liquids, powders and compounds for such use; and, further, that defendants would not thereafter, during the life of the patents, “make, use or sell, or offer for sale, or be. interested, directly or indirectly, in the manufacture, use or sale of, any fluid, semi-fluid, powder, compound or mixture for automatically 'healing or closing punctures in pneumatic tires or articles.”
It is obvious that if the agreement is enforceable, the defendants are estopped from disputing the validity and scope of the patent named, or of any other patent in which plaintiff may be interested, even although absolutely void or worthless. The public is vitally interested in having worthless patents that ostensibly create a. monopoly in articles, extensively used by the people, destroyed, and it is against the policy of the law to. enforce or give effect to> a contract, such as this, wh-ich might protect a patentee’s claims under such patents, and estop or deter manufacturers and, dealers from contesting their validity and scope. The recitals, in the contract admitting the validity of the patents, and plaintiff’s rights thereunder do not preclude the application, in defendants’ favor, of the bar raised by -their plea that material parts of the contract contravene public policy. The admissions of validity and scope, .as well as the agreement not to. contest, are a part of the general scheme to stifle competition. The public may be regarded as a party to. every suit in which questions of public policy are involved. The right of a litigant to. make and rely on that defense, notwithstanding his admissions and stipulations, is not conceded for his protection alone, nor primarily. It is not a private right to the individual only, but is founded on public policy, which is promoted by his making the defense, and contravened by his refusal to make it.'
*536 A contract strikingly similar, in many of its aspects, to the one here under discussion was considered by the Supreme Court of the United States in Pope Mfg. Co. v. Gormully, 144 U. S. 424, 36 L. Ed. 424, 17 Sup. Ct. 632, and I quote from that opinion in support of my position:
“It is rarely that this court is called upon to consider so unique a contract, and we have 'found some difficulty in assigning to it its proper place among legal obligations. Its requirement is not merely that the licensee shall refrain during the term of his license from infringing other patents than those which he is expressly authorized to use, but shall forever afterwards, at least during the life of such patents, refrain from importing, making or selling articles covered by them, and from disputing the validity thereof or plaintiff’s title thereto, and shall afford his moral aid and assistance in securing proper aid and respect for such patents. * * * The real question is whether the defendant can estop himself from disputing patents which may be wholly void, or to which the plaintiff may have no shadow of title. * * * It is as. important to' the public that -competition should not be repressed by worthless patents, as- that the patentee of a really valuable invention should be protected in his monopoly; and it is a serious question, whether public policy permits a man to- barter away beforehand his right to defend unjust actions or classes of actions-, though, in an individual case, he may doubtless assent that a judgment be rendered against him, even without notice. * * * With regard to all such matters of public policy, it would seem that no man can bind himself by estoppel not to assert a right which the law gives him on reasons o-f public policy.” (Italics mine.)
Without deciding also that the contract sued on is absolutely-void because it is without limitation as to the space or territory in which defendants obligate themselves not to compete with the plaintiff, I think the presence in the contract of such provision offers an additional and strong reason for hold *537 ing the contract void. Such a provision is often held to avoid a contract for the reason that it is in restraint of trade. — Webb Press Co. v. Bierce, 116 Ia. 906, 911, 41 So. 203, 206; Seay v. Spratling, 133 Ga. 27, 65 S. E. 137; Bishop v. Palmer, 146 Mass. 469, 16 N. E. 304, 4 Am. St. 339.
Another feature of this contract which should add to its condemnation is the universality of its claims as to the substance or substances, ingredients and combinations constituting the patent. It is worthy of notice that the alleged violation of the contract or infringement of the patent by defendants does not consist in manufacturing, using and selling the same article maufactured by the plaintiff, the use of which was licensed, but that defendants were manufacturing, using and selling some article or' articles for automatically healing punctures or vents in pneumatic tires. If so great a monopoly has been created by this patent as is claimed under the contract, and which defendants have agreed not to- question, then it may be doubted whether “every miller engaged in the manufacture of wheat flour for domestic use would not be an infringer, and every druggist and grocer'engaged in the sale of such liquid or dry commodities as glycerine, honey, molasses, wheat flour or cosmetic powders, would not be liable tO' be prosecuted for infringing this patent.”
It is frequently held that state courts have jurisdiction to try an action for damages for the violation of a contract based upon patent rights, although the defense might be the invalidity of the patents, or that the scope of the patent did not include the article involved. There is no doubt of the right of the state courts to decide the question of law raised by the demurrer. Inasmuch as this suit is based on the written contract, I therefore prefer to place my concurrence upon the reason I have stated, rather than upon the jurisdictional question.
I am authorized to state that Cunningham, P. J., and Hurlbut, J., join in this, special concurrence.
*538 Morgan, J., concurs in the result reached in both the opinions of Bell, J., and King, J.